IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DEWAYNE EDWARD HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 3:13-cv-00599 |
| | ) |
| SHERIFF JEFF LONG, CHIEF RHOADES, | )    Judge Campbell |
| SGT. VANDYBOSH, NURSE KELVIN, | ) |
| NURSE EVA (N/L/N), DEPUTY JOHNSON, and | ) |
| CORPORAL GRIFFIN, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff DeWayne Edward Harris, a prisoner confined at the South Central Correctional Center in Clifton, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 challenging the conditions of his former confinement at the Williamson County Jail. The plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915A.

**I.    Standard of Review**

Under 28 U.S.C. § 1915A(a), the Court must conduct an initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and must summarily dismiss any portion of the complaint that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [this statute] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court

must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Factual Allegations

In this case, the plaintiff asserts that he slipped and fell at the Williamson County Jail on March 27, 2013 and injured his knee. He has suffered pain and swelling in his knee since that date, but his knee was never x-rayed and he was never seen or treated by a physician. Instead, he saw Nurse Kelvin, who gave him pain medication and promised the doctor would see him soon. The plaintiff never received further treatment, however, despite the swelling and pain in his knee, and apparent repeated requests for additional treatment.

The plaintiff states that Sgt. Vandybosh, Corporal Griffin, and Deputy Johnson were all "aware of the situation." (ECF No. 1, at 5.) He alleges that he wrote grievances to Sheriff Long, Chief Rhoades, and Sgt. Vandybosh, but received a response only to one of his grievances. Attached to the complaint is a copy of a grievance submitted by the plaintiff on April 4, 2013, addressed to Sgt. Vandybosh, in which the plaintiff states:

> [O]n We[dnes]day March 27th around 9:00 a.m. I had spoke to Corporal Griffin regarding my health issue and my knee problem "that I'm in need of a complete knee replacement, around 10 min later I slip in some water that was left on the floor by the cleaning crew and fell and I suf[f]er from knee "back" neck pain fluid on my knee d[ue] to the slip and fall. . . . Corporal Griffin had one of your deputy take me to medical right after. Everything is caught on camar[a]. I haven't been seen s[i]nce, or sen[t] to have x-ray's. "Everytime I ask when will I be seen" they say [head nurse] Eva has my chart. . . .
>
> I have proved deliberate indifference by filing several medical request and they have delib[e]rately denied me medical attention despite my extensive medical background physical and mental.

(Complaint, Ex. 1.) The response, signed by an official whose signature is illegible, states in pertinent part: "Mr. Harris, Cpl Griffin saw you within less than 2 min of the fall and you were brought up to medical and examined right away. This is not deliberate indifference and you are free to contact whomever you wish." (*Id.*)

In his complaint, the plaintiff states that he is bringing this lawsuit against Sheriff Jeff Long, Chief Rhoades, Sgt. Vandybosh, Nurse Kelvin (RN), Nurse Eva (Head Nurse), Deputy Johnson, and Corporal

Griffin. He seeks compensatory and punitive damages in the amount of "4,000,000 million dollars." (ECF No. 1, at 5.)

### C. Discussion

The present complaint is filed on the Court's form complaint for actions under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts showing that he was deprived of a right secured by the Constitution or laws of the United States, and that the deprivation was caused by a person acting under color of state law. *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *see* 42 U.S.C. § 1983. Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. In addition, claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

The plaintiff does not indicate what right he believes is implicated by his allegations, but he does claim that the defendants were "deliberately indifferent" to his medical needs, which implicates the Eighth Amendment. *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) ("The Eighth Amendment prohibits prison officials from 'unnecessarily and wantonly inflicting pain' on prisoners by acting with 'deliberate indifference' towards the inmate's serious medical needs." (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976))). The question, then, is whether the allegations in the complaint, accepted as true, show that state officials violated the plaintiff's rights under the Eighth Amendment.

A deliberate-indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.2d at 702 (citing *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore*, 390 F.3d at 897). For the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.* Thus, "negligence in the administration of medical treatment to prisoners is not itself actionable under the Constitution, [but] failure to provide adequate treatment is a violation of the [E]ighth [A]mendment when it results from 'deliberate

indifference to a prisoner's serious illness or injury.'" *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Estelle*, 429 U.S. at 106).

In the present case, the plaintiff alleges that he slipped and fell on his knee, which had pre-existing problems. He asserts that jail medical and other officials were deliberately indifferent to his serious medical need insofar as they failed to provide x-rays and an examination by a physician. However, the plaintiff's pleading makes it clear that he was not deprived of medical attention altogether: He was taken to medical immediately after the fall where he was examined and given pain medication. The plaintiff's complaint is that he did not receive adequate follow-up care although his knee stayed swollen and tender. Even assuming, for purposes of this initial review, that this condition was sufficiently serious to satisfy the "objective" component of a deliberate-indifference claim, the facts as alleged do not suggest that jail officials were deliberately indifferent to the plaintiff's medical needs.[1]

In short, the plaintiff disagrees with the treatment he received—he apparently believes his condition should have been taken more seriously, that he should have received x-rays in particular, and that he should have received more or different care than he did. His allegations, however, do not suggest that the jail or medical staff has been deliberately indifferent to his medical needs. The standard applied in reviewing the actions of prison doctors and medical staff in this type of case is deferential. *Inmates of Allegheny Cnty. Jail*, 612 F.2d at 762. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).

In this case, the dispute clearly concerns the adequacy of treatment. Because the plaintiff's allegations do not support a claim based on deliberate indifference to his serious medical needs, his complaint fails to state a claim under 42 U.S.C. § 1983 for violation of the plaintiff's rights under the Eighth Amendment.

---

[1] The plaintiff was transferred at some point after mid-April from the Williamson County Jail to the Morgan County Correctional Complex, and from there to the South Central Correctional Center. Documentation attached to his complaint shows that as of June 4, 2013, while the plaintiff was still housed at the Morgan County Correctional Complex, he was placed on restrictions from physical activity, issued a cane for ambulation, and ordered to be placed on a bottom bunk. (ECF No. 1, at 13.) The plaintiff does not indicate what additional medical treatment he received at MCCX for his knee.

### III. Conclusion

For the reasons set forth herein, the plaintiff's complaint will be dismissed under 28 U.S.C. § 1915A for failure to state a claim for which relief can be granted. An appropriate order is filed herewith.

*[signature: Todd Campbell]*
Todd Campbell
United States District Judge