IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DEWAYNE EDWARD HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-cv-00599 |
| ) | |
| SHERIFF JEFF LONG, CHIEF RHOADES, ) | Judge Campbell |
| SGT. VANDYBOSH, NURSE KELVIN, ) | |
| NURSE EVA (N/L/N), DEPUTY JOHNSON, and ) | |
| CORPORAL GRIFFIN, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff DeWayne Edward Harris, a prisoner confined at the South Central Correctional Center in Clifton, Tennessee, brings this *pro se* civil rights action under 42 U.S.C. § 1983 challenging the conditions of his former confinement at the Williamson County Jail. Presently pending is the plaintiff's application to proceed *in forma pauperis* (ECF No. 2). In addition, the plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915A.

    A.    The Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $350 required by 28 U.S.C. § 1914(a). Because the plaintiff properly submitted an *in forma pauperis* affidavit and a certified trust fund account statement, as required by 28 U.S.C. § 1915(a)(2), and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application (ECF No. 2) is **GRANTED**.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, the plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides

is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to:

> Clerk, United States District Court, Middle District of Tennessee
> 801 Broadway
> Nashville, TN 37203

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the court immediately, in writing, of his change of address. If still confined, he **MUST** ensure that the officials at the new facility receive a copy of this order.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.**     **Initial Review of the Complaint**

The Court has conducted the screening of the plaintiff's complaint as required by 28 U.S.C. § 1915A and, for the reasons set forth in the accompanying Memorandum Opinion, finds that the complaint fails to allege facts showing that prison officials or and medical staff at the Williamson County Jail were deliberately indifferent to the plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

Accordingly, this action is **DISMISSED** under 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.

The Clerk is **DIRECTED** to enter judgment and to close this case, in accordance with Rule 58, Fed. R. Civ. P.

It is so **ORDERED**.

_Todd Campbell_
Todd Campbell
United States District Judge